**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

URIEL DOMINGO ZENTENO NAJERA,

Petitioner,

v.

ERNESTO SANTACRUZ, JR. et al,

Respondents.

Case No. 2:26-cv-06250-MAR

**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE**

**I.**

**INTRODUCTION AND BACKGROUND**

On June 9, 2026, Petitioner Uriel Domingo Zenteno Najera ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus for Person in Federal Custody (the "Petition"), challenging his detention in immigration custody. Dkt. 1 ("Pet."). On June 16, 2026, Respondents filed an Answer to the Petition (the "Answer"). Dkt. 7. The parties have consented to proceed before the undersigned U.S. Magistrate Judge for all purposes. Dkt. 5. **For the reasons set forth below, the Court GRANTS the Petition and orders Respondents to immediately release Petitioner from custody on Petitioner's prior conditions of**

release (if any).

Petitioner is a citizen of Mexico who entered the United States without inspection in 2013, as a child.  Pet. at 6, 7.[1]  Petitioner has not left the country since then.  Id.  Petitioner was detained on or around June 29, 2026.  Id. at 7.  There are no allegations that Petitioner has a criminal history.  See generally, Answer.  Petitioner has not been provided a bond hearing.  Pet. at 9.  Petitioner alleges that the "Immigration Judge has refused to honor the judgment in Maldonado Bautista and adheres to the agency's prior decision in Matter of Yajure Hurtado."  Id. at 6.

Petitioner's claim for relief alleges that Respondents are improperly holding Petitioner under mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), but Petitioner is actually subject to detention under 8 U.S.C. § 1226(a), and entitled to a bond hearing.  Pet. at 8.  Petitioner seeks immediate release from custody or, in the alternative, release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.  Id. at 9.  Petitioner seeks an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (the "EAJA").  Id.

Respondents filed an Answer which states, "the Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz."  Dkt. 7.  Respondents do not opposed granting Petitioner a bond hearing but do oppose Petitioner's request for immediate release.

## II.

## LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  See U.S. Const., amend. V.  There is no question that

---

[1] The Court sets forth a summary of the relevant factual background based on the facts alleged in the Petition, which is verified by counsel.  Dkt. 1 at 9.  Respondents had the opportunity to dispute these facts or provide additional facts, but declined to do so.  Dkt. 7.  Therefore, the Court considers the following facts to be undisputed and conceded for purposes of ruling on the Petition.  See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

these protections extend to noncitizens present in the United States.  See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)).  To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)).  Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals

3

of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights." Regino, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted). To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest." Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted). With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

### III.

### ANALYSIS

As an initial matter, the parties agree that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). Pet. at 2; Answer at 2. On December 18, 2025, the court in Maldonado Bautista entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista v. Santacruz, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v.

4

Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in Maldonado Bautista, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  Maldonado Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  On February 18, 2026, the court in Maldonado Bautista granted a motion to enforce the declaratory judgment and vacated Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedures Act.  See Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).

The declaratory judgment entered in Maldonado Bautista has "the force and effect of a final judgment or decree."  28 U.S.C. § 2201.  In other words, "a declaratory judgment is a real judgment, not just a bit of friendly advice."  Badger Cath., Inc. v. Walsh, 620 F.3d 775, 782 (7th Cir. 2010).  Thus, Respondents, as parties to Maldonado Bautista, are obligated to comply.  See, e.g., Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly."); United Aeronautical Corp. v. United States Air Force, 80 F.4th 1017, 1031 (9th Cir. 2023) ("But in suits against government officials and departments, we generally assume that they will comply with declaratory judgments."). Respondents offer no excuse for their failure to comply with the final judgment in Maldonado Bautista, particularly in light of binding precedent from the Supreme Court requiring compliance with declaratory judgments.  See, e.g., Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata." (internal quotation marks omitted)); id. ("This form of relief conclusively resolves the legal rights *of the parties.*" (internal quotation marks omitted)).

On March 6, 2026, the Ninth Circuit administratively stayed the December 18,

2025 declaratory judgment in Maldonado Bautista "insofar as [it] extends beyond the Central District of California" pending a ruling on the Government's motion for a stay pending appeal.  Maldonado Bautista v. Dep't of Homeland Sec., No. 26-1044, Dkt. 5 at 1 (9th Cir. Mar. 6, 2026).  Thus, the December 18, 2025 declaratory judgment remains effective and enforceable within the Central District of California.  However, the Ninth Circuit also administratively stayed the February 18, 2026 Order enforcing the declaratory judgment and vacating Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025).  Id. at 2; see also Maldonado Bautista v. Executive Office for Immigration Review, No. 26-1044, Dkt. 17.1 at 4 (9th Cir. March 31, 2026).

Accordingly, the Court concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2).  See Maldonado Bautista, 2025 WL 3678485, at *1.  Moreover, Petitioner is entitled to an individualized bond hearing.  See id.  However, the undisputed record indicates that Petitioner has been denied an opportunity for release on bond pursuant to Matter of Yajure Hurtado, 29 I&N Dec. 216, 229 (BIA 2025).  Pet. at 2, 3, 6.  This is contrary to Respondents' legal obligation to comply with the December 18, 2025 declaratory judgment in Maldonado Bautista.  As set forth above, the December 18, 2025 declaratory judgment in Maldonado Bautista has not been stayed within the Central District of California.

Thus, the Court must now determine the appropriate remedy to vindicate Petitioner's statutory and constitutional rights.  The Court is mindful that "[i]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court."  E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (internal quotation marks omitted).  However, the undisputed facts here demonstrate that ordering a bond hearing that complies with the December 18, 2025 declaratory judgment in Maldonado Bautista would likely be futile.  See Kun v. Janecka, 2026 WL 931541, at *5 (C.D. Cal. Apr. 3, 2026) ("To the extent immigration judges consistently invoke Hurtado as governing authority to deny bond in

analogous cases, the Court is inclined to agree with Petitioner that ordering a <u>Bautista</u> section 1226(a) bond hearing as a remedial measure would likely be futile."); <u>Gonzalez Procopio v. Mullin</u>, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026) (relying on fact that Immigration Judge had previously denied petitioner bond based on lack of jurisdiction to conclude that ordering another bond hearing would be futile).  Thus, the Court concludes that immediate release from custody is the only means to provide complete relief to Petitioner for the violation of his statutory and constitutional rights.  <u>See</u> <u>Kun v. Janecka</u>, 2026 WL 931541, at *5; <u>Gonzalez Procopio</u>, 2026 WL 1045658, at *3.

The Court finds in the alternative that immediate release from custody is the appropriate remedy based on the violation of Petitioner's procedural due process rights.  Indeed, it is undisputed that Petitioner has resided in the United States for thirteen years, since he was a child.  Based on these undisputed facts, the Court concludes that Petitioner developed a substantial liberty interest in remaining out of custody based on the life he built in the United States living here for the past thirteen years.  <u>See, e.g.</u>, <u>Tinoco v. Noem</u>, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); <u>Garcia v. Andrews</u>, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); <u>Pinchi v. Noem</u>, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.").  This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." <u>Morrissey v. Brewer</u>, 408 U.S. 471, 482 (1972).

Therefore, the Court concludes that Petitioner's arrest by immigration authorities on June 29, 2026, without a pre-deprivation hearing, violated Petitioner's

procedural due process rights. See, e.g., J.A.E.M. v. Wofford, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained. The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest." (internal quotation marks and brackets omitted)); Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026).

Given this violation of Petitioner's due process rights, the Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). The last uncontested status here is Petitioner's release on his own recognizance. See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention."). "Accordingly, Petitioner's release from custody is the appropriate remedy." Id.; see Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

Moreover, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained. See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . .

8

the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)). Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  See, e.g., Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

Finally, as to Petitioner's request for an award of attorneys' fees and costs, the Court will consider an application under the Equal Access to Justice Act requesting costs and reasonable attorneys' fees that is filed within 30 days of entry of final judgment in this action.  See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

## VI.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition as follows. Respondents shall immediately release Petitioner **Uriel Domingo Zenteno Najera (A-Number 200 232 355)** from custody on Petitioner's prior conditions of release (only those conditions, if any, in place prior to Petitioner's detention on June 29, 2026). Respondents shall also immediately return any confiscated property and documents to Petitioner upon release.  Respondents shall not re-detain Petitioner without providing at least seven (7) days' notice and a pre-deprivation bond hearing.  The pre-deprivation bond hearing shall occur before an Immigration Judge at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions

could reasonably assure Petitioner's future appearance and/or the safety of the community. The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Respondents shall file a notice of compliance no later than **twenty-four hours from entry of Judgment**.

IT IS SO ORDERED.

DATED: July 2, 2026

_____
HON. MARGO A. ROCCON
UNITED STATES MAGISTRATE JUDGE